# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil Action No. 1:08-MDL-1935)<br>:<br>: (Judge Conner) |
| THIS DOCUMENT APPLIES TO:<br><br>ALL CASES | :<br>:<br>:<br>: |

## CASE MANAGEMENT ORDER NO. 1

AND NOW, this 15th day of April, 2008, upon consideration of the orders of the United States Judicial Panel on Multidistrict Litigation issued on April 7 and 10, 2008, (see Docs. 1, 2), which transferred to this court the cases listed in Attachment A appended hereto, and the court finding it expedient to establish procedures for the administration of the above-captioned matter, it is hereby ORDERED that:

1. **APPLICABILITY OF ORDER.** This order shall govern practice and procedure in the following cases:

   a. All actions transferred to this court by the Judicial Panel on Multidistrict Litigation and all related actions originally filed in, transferred to, or removed to this court on or before the date of this order. These cases are listed in Attachment A appended hereto.

   b. Any tag-along actions transferred to this court by the Judicial Panel on Multidistrict Litigation.

   c. Any related actions subsequently filed in, transferred to, or removed to this court.

2. **COORDINATION OF ACTIONS.** All actions referenced in the preceding paragraph are coordinated for pretrial purposes.

3. **FILING AND CAPTIONING OF PAPERS.** This case has been placed on the court's Electronic Case Filing ("ECF") system. Filing of pleadings, motions, and papers shall be governed by the following rules:

   a. All papers shall be electronically signed and filed. No printed copies need be forwarded to the court. All counsel **must** be able to file documents via ECF and receive documents from the court via email. Registration forms for ECF can be obtained from the court's website at http://www.pamd.uscourts.gov/ecf.htm.

   b. All papers shall be captioned in a manner substantially similar to this order and shall bear the identification "**MDL Docket No. 1935 (Civil Action No. 1:08-MDL-1935)**" as formatted above.

   c. Any paper that relates to all actions shall contain the notation "ALL CASES" in the caption thereof.

   d. **All documents shall be exclusively filed in the docket for the above-captioned matter. No document shall be filed in the dockets for the individual actions without prior leave of court.** Any paper that relates to fewer than all actions shall identify the individual action(s) to which it relates by the docket number assigned to the action(s) by the Clerk of this Court.

   e. All papers to be filed in any action shall be filed with the Clerk of this Court and not with the transferor court.

4. **ATTORNEY ADMISSIONS.** Counsel who entered an appearance in a transferor court prior to the transfer of a case to this court need not enter a separate appearance before this court. Attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation. The requirements of Local Rule 83.9, which relates to association with local counsel, are waived with regard to all attorneys appearing in these actions.

5. **INITIAL CASE MANAGEMENT CONFERENCE AND APPOINTMENT OF COUNSEL.** A schedule for an initial case management conference and a procedure for appointment of lead and liaison counsel shall follow by future order of court within thirty days of the date of this order.

6. **STAY OF DISCOVERY.** All discovery in these actions is stayed until further order of this court. The time requirements within which to perform any act or file any papers under Rules 26-37 of the Federal Rules of Civil Procedure are tolled pending the initial conference discussed in Paragraph 5. Notwithstanding the preceding sentence, nothing herein contained shall (i) preclude a party from performing voluntary informal discovery regarding the identification and location of relevant documents and witness, (ii) preclude a party from stipulating to conduct a deposition that has already been scheduled, (iii) prevent a party from voluntarily responding to a previously issued discovery request, or (iv) authorize a party to suspend its response to a discovery request that the party received under Rule 33, 34, or 36 prior to the issuance of this order. Relief from the stay imposed by this paragraph may be obtained for good cause shown, such as the ill health of a proposed deponent.

7. **PRESERVATION OF EVIDENCE.** All parties shall preserve all documents and other records containing information potentially relevant to these actions. Physical evidence shall likewise be preserved. Relief from this directive may be obtained by filing a motion with the court.

8. **PREVIOUSLY ENTERED ORDERS.** Any orders (including protective orders) previously entered by this court or by any transferor court shall remain in full force and effect unless expressly vacated by subsequent order of this court.

9. **DIRECTIVES TO CLERK OF COURT.**

    a. The Clerk of Court is instructed to open a separate docket for each individual action affected by this order. All dockets for individual actions shall remain open for the duration of this litigation unless the court instructs otherwise.

    b. For any action transferred to this court by the Judicial Panel on Multidistrict Litigation, the Clerk of Court shall docket the complaints, answers, outstanding motions, and accompanying briefs filed with the transferor court in the corresponding separate docket opened pursuant to Paragraph 9.a. Motions upon which rulings have been issued and ministerial documents need not be docketed with this court.

    c.      The Clerk of Court shall transmit a copy of this order to all counsel of record in the cases listed in Attachment A. A copy of this order shall likewise be transmitted to counsel in any tag-along action subsequently transferred to this court by the Judicial Panel on Multidistrict Litigation or in any action subsequently filed with, transferred to, or removed to this court.

    d.      When a case is transferred to this court by the Judicial Panel on Multidistrict Litigation, the Clerk of Court shall list on Attachment A the unique docket number that this court has assigned to the individual case. The purpose of this notation shall be to apprise counsel of the docket number assigned to each individual action. Any filing that pertains to fewer than all actions shall include the individual docket numbers of the cases affected, as required by Paragraph 3.d.

 

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: CHOCOLATE CONFECTIONARY ANTITRUST LITIGATION | : MDL DOCKET NO. 1935<br>: (Civil No. 1:08-MDL-1935)<br>:<br>: (Judge Conner) |
| THIS DOCUMENT APPLIES TO:<br><br>ALL CASES | :<br>:<br>:<br>: |

## ATTACHMENT A
## ACTIONS TRANSFERRED FROM THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### Middle District of Pennsylvania

*Michael McNamara v. Schweppes, PLC, et al.*, M.D. Pa. No. 1:07-CV-2335

*Katherine Woodman v. The Hershey Co., et al.*, M.D. Pa. No. 1:07-CV-2336

*Glenn Coffey v. The Hershey Co., et al.*, M.D. Pa. No. 1:08-CV-0084

*The Lorain Novelty Co., Inc., v. Cadbury Adams Canada, Inc.*
M.D. Pa. No. 1:08-CV-0101

*Mandel Tobacco Co., Inc. v. The Hershey Co., et al.*, M.D. Pa. No. 1:08-CV-0122

### Northern District of California

*Scott Lamson v. The Hershey Co., et al.*, C.A. 3:08-CV-0153
(assigned M.D. Pa. No. 1:08-CV-639)

### Eastern District of Michigan

*International Wholesale, Inc., v. The Hershey Co., et al.*, C.A. 2:08-CV-10215
(assigned M.D. Pa. No. 1:08-CV-640)

*United Wholesale v. The Hershey Co., et al.*, C.A. 2:08-CV-10275
(assigned M.D. Pa. No. 1:08-CV-641)

*United Customs Distribution v. The Hershey Co., et al.*, C.A. 5:08-CV-10276
(assigned M.D. Pa. No. 1:08-CV-642)

### District of New Jersey

*CNS Confectionery Products, LLC., et al. v. The Hershey Co., et al.*, C.A. 2:07-CV-6088 (assigned M.D. Pa. No. 1:08-CV-643)

*Akisa Matsuda v. The Hershey Co., et al.*, C.A. 2:08-CV-0191 (assigned M.D. Pa. No. 1:08-CV-644)

*Eric Lense v. The Hershey Company, et al.*, C.A. 2:08-CV-0192 (assigned M.D. Pa. No. 1:08-CV-645)

*Diane Chiger v. The Hershey Co., et al.*, C.A. 2:08-CV-0195 (assigned M.D. Pa. No. 1:08-CV-646)

*Stephen Snow, et al. v. The Hershey Co., et al.*, C.A. 2:08-CV-0199 (assigned M.D. Pa. No. 1:08-CV-647)

### Southern District of New York

*Webb's Candies, Inc., et al. v. Cadbury Adams Canada, Inc., et al.*, C.A. 1:08-CV-0382 (assigned M.D. Pa. No. 1:08-CV-648)

### Eastern District of Pennsylvania

*Stephen L. LaFrance Pharmacy, Inc. v. The Hershey Co., et al.*, C.A. 2:08-CV-0109 (assigned M.D. Pa. No. 1:08-CV-649)

*Richard Miller, et al. v. The Hershey Co., et al.*, C.A. 2:08-CV-0198 (assigned M.D. Pa. No. 1:08-CV-650)

*Western Skier, LTD. v. The Hershey Co., et al.*, C.A. 2:08-CV-0205 (assigned M.D. Pa. No. 1:08-CV-651)

*Michael W. DeMarshall v. The Hershey Co., et al.*, C.A. 2:08-CV-0253 (assigned M.D. Pa. No. 1:08-CV-652)

### Eastern District of Virginia

*STLE Corp. v. The Hershey Co., et al.*, C.A. 1:08-CV-0019 (assigned M.D. Pa. No. 1:08-CV-653)